**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | October 13, 2009 |
|---|---|---|---|
| Title | Alcatel-Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Denying Defendant's Motion to Dismiss for Lack of Service of Process**

Pending before the Court is Defendant's Motion to Dismiss for Lack of Service of Process. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendant's motion.

I.     Background

On March 27, 2009, Plaintiffs Alcatel-Lucent USA, Inc. and Genesys Telecommunications Laboratories, Inc. (collectively, "Plaintiffs") filed suit against Defendant Dugdale Communications, Inc. ("Defendant") for breach of contract and other related claims. After filing the complaint, Plaintiffs continued settlement negotiations with Defendant, but were unable to reach an agreement. On July 17, 2009, after negotiations stalled, Plaintiffs attempted to substitute serve Defendant with the First Amended Complaint ("FAC"), leaving the complaint and summons with a person apparently in charge of Defendant's office. Although Defendant was required to file a responsive pleading by August 6, 2009, Defendant failed to meet that deadline and disputed service on August 7, 2009.

On August 7, 2009, this Court issued an Order to Show Cause ("OSC") why the matter should not be dismissed for failure to prosecute. On August 8, 2009, Plaintiffs served Defendant with the FAC for a second time, directly serving the president of Defendant, William Dugdale ("Dugdale"). A Proof of Service was filed on August 12, 2009, followed by an amended Proof of Service on September 4, 2009 to correct an error in the original form. In response to the OSC,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | October 13, 2009 |
|---|---|---|---|
| Title | Alcatel-Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

Plaintiffs informed the Court that they re-served Defendant to avoid "unnecessary motion practice" with regard to the adequacy of the July 17, 2009 service. The Court found Plaintiffs' response to be adequate and discharged the OSC on August 26, 2009. Defendant now challenges Plaintiffs' second attempt at service.

II.     Legal Standard

       A.     Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)

Federal Rule of Civil Procedure 12(b)(4) permits a defendant to challenge the form of summons, and Federal Rule of Civil Procedure 12(b)(5) addresses the method of service. *See* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 9:146 (The Rutter Group 2009). On a motion challenging the adequacy of service, the plaintiff bears the burden of establishing that service was valid under Federal Rule of Civil Procedure 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In determining whether the plaintiff has met its burden under Rule 4, the court is permitted to "weigh and determine disputed issues of fact." *See* Schwarzer *et al.*, *supra*, § 9:152.

       B.     Local Rule 7-3

The Local Rules require the parties to meet and confer prior to filing certain motions. Local Rule 7-3 states, in relevant part:

> If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time (*e.g.*, a motion to dismiss pursuant to F.R.Civ.P. 12(b)) . . . then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least twenty (20) days prior to the filing of the motion.

L.R. 7-3.

III.     Discussion

In the instant motion, Defendant argues that Plaintiffs' FAC must be dismissed for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure, and that Plaintiffs' two attempts at service were defective. In opposition, Plaintiffs argue that Defendant violated the meet and confer requirements of Local Rule 7-3, that service was proper, and that Rule 4(m)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | October 13, 2009 |
|---|---|---|---|
| Title | Alcatel-Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

does not mandate dismissal. For the reasons that follow, the Court denies Defendant's motion.

A. <u>Adequacy of Service</u>

Defendant claims that the second service attempt on August 8, 2009 failed to comply with California law.[1] *See Mot.* 10:2-3 ("With the Second Service Attempt, it appears Plaintiffs' Agent chose to effect service under California law."). However, Defendant misunderstands the rules governing service in federal diversity cases. Plaintiffs are required to serve Defendant in accordance with either California law or the Federal Rules of Civil Procedure. *See* Schwarzer *et al.*, *supra*, § 5:17.11 ("[S]ervice should be upheld if sufficient under *either* federal or applicable state law." (emphasis in original)). Furthermore, Plaintiffs were not obligated to specify which regime applied at the time of service. *See id.* Thus, Plaintiffs were merely required to comply with Rule 4.

    1. <u>Compliance with Rule 4</u>

Under the federal rules, the summons must comply with Rule 4(a), and the summons and complaint must be served by a process permitted by Rule 4. First, the form of summons employed in the August 8, 2009 service was adequate under Rule 4(a), and Defendant does not dispute this point. Second, the process used to serve Defendant complied with the federal rules. As correctly noted by Plaintiffs in the opposition papers, Rule 4(h) applies because the Defendant is a corporation. Under Rule 4(h), a corporation can be served through the delivery of the summons and complaint to, *inter alia*, an officer of the defendant corporation. *See* Fed. R. Civ. P. 4(h)(1)(B). In this case, Plaintiffs served the president of Defendant, Dugdale, whose position necessarily qualified him as an "officer" under Rule 4(h)(1)(B). Thus, service of process was proper under Rule 4(h)(1)(B) because Dugdale was served on August 8, 2009. As the summons complied with Rule 4(a) and the process complied with Rule 4(h)(1)(B), the Court finds that the August 8, 2009 service was adequate under the federal rules.

    2. <u>Validity of the Proof of Service</u>

Defendant further argues that the August 8, 2009 service was defective because the

---

[1] Defendant also challenges the adequacy of the July 17, 2009 service attempt. However, Plaintiffs decided to re-serve defendant to avoid unnecessary motion practice on the subject. Because the Court finds that the August 8, 2009 service complies with Rules 4, the Court need not address the adequacy of the July 17, 2009 service.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | October 13, 2009 |
|---|---|---|---|
| Title | Alcatel-Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

original Proof of Service form filed on August 12, 2009 contained inaccurate information. The Proof of Service incorrectly indicated that Dugdale, the Defendant's president, was served at 10:00 a.m. on August 8, 2009. *See Mot.* 10:18-20; *see also Dugdale Decl.* ¶ 7 ("I was not served with any documents *at 10:00 a.m.* on August 8, 2009." (emphasis added)). In actuality, the process server first attempted service at 10:00 a.m. that day, but later served Dugdale at 4:00 p.m. *See Rosenberg Decl.* ¶ 4-5; *Taitelman Decl.*, Ex. 9 (enclosing an affidavit signed by Dugdale indicating that he had been served at 4:00 p.m. on August 8, 2009). This fact is conspicuously absent from Defendant's declarations. Defendant claims that the incorrect time on the August 12, 2009 Proof of Service invalidates the August 8, 2009 service and constitutes "extrinsic fraud." *Mot.* 10:21. However, the Court will not invalidate service on the basis of a mere clerical error. *See Rosenberg Decl.* ¶ 9 (noting that the Proof of Service "mistakenly indicated that Mr. Dugdale was served on August 8, 2009 at 10:00 a.m., the time of my first attempt. It should have indicated that he was served at 4:00 p.m."); *see also UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (noting that technical defects in service will not defeat service of process under Rule 4). For these reasons, Plaintiffs have satisfied their burden of proving the adequacy of the August 8, 2009 service.

    B.    Rule 4(m)

In addition to complying with the formalities of Rule 4(a), Plaintiffs' service must comply with the procedural requirements of Rule 4(m). Under Rule 4(m), the plaintiff must serve the defendant with the complaint and summons, unless the plaintiff can show "good cause" to extend the deadline. *See Corbett v. ManorCare, Inc.*, 224 Fed. App'x 572, 574 (9th Cir. 2007) ("Under the current Rule 4(m), the court must allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days."); *see also Henderson v. U.S.*, 517 U.S. 654, 662, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996) ("The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, *or within such additional time as the court may allow*." (emphasis added)). Even after the expiration of the 120-day period, the Court may retroactively extend the deadline absent evidence of prejudice. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period.").

Defendant argues that Plaintiffs had 120 days after filing to serve the complaint and summons. *See Mot.* 5:8-20. However, the August 8, 2009 service will be deemed sufficient if the Court finds (1) good cause for Plaintiffs' purported failure to service within 120 days and (2)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | October 13, 2009 |
|---|---|---|---|
| Title | Alcatel-Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

no prejudice if the deadline is retroactively extended. *See Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir. 1991) ("At a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.").

In the instant case, Plaintiffs attempted to serve Defendant after settlement negotiations broke down, on July 17, 2009, within the 120-day window. *See Taitelman Decl.*, Ex. 3. Good cause requires, at a minimum, "excusable neglect," *Boudette*, 923 F.2d at 755, and Plaintiffs in this case took affirmative steps to serve Defendant and move this case along. The Court approved of Plaintiffs' decision to re-serve Defendant in the interests of efficiency and fairness. Furthermore, Defendant has failed to indicate how it will be prejudiced if service is deemed adequate, especially in light of the fact that Defendant has been aware of this lawsuit for months. Therefore, the Court finds good cause for Plaintiffs' failure to serve the FAC within 120 days, assuming the July 17, 2009 service was invalid, in addition to the absence of prejudice. For these reasons, the Court does not dismiss the action for failure to comply with Rule 4(m).

A.  Local Rule 7-3

Plaintiffs argue that Defendant failed to comply with Local Rule 7-3, warranting denial of the instant motion. According to Local Rule 7-3, Defendant must provide advance notice of the intended motion at least five days prior to the motion's filing deadline. *See* L.R. 7-3 (noting that the Rule 7-3 "conference shall take place at least five (5) days prior to the last day for filing the motion"); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 20 days after being served with the summons and complaint . . . ."); Fed. R. Civ. P. 12(b) ("A motion asserting any of [the Rule 12(b)] defenses must be made before pleading . . . ."). Thus, if a motion is subject to a filing deadline, the moving party must file the motion at least five days prior to the deadline.

If, as Plaintiffs contend, Defendant was properly served on August 8, 2009, Defendant would have been required to file the instant motion to dismiss by August 28, 2009. As Defendant notes in its moving papers, Defendant contacted Plaintiffs to discuss the instant motion on August 28, 2009, the same day that the motion was due and was filed. *See Mot.* 3:2-4. According to Plaintiffs' argument, Defendant was required to meet and confer pursuant to Local Rule 7-3 on August 23, 2009 at the latest, because the deadline to file the motion to dismiss was August 28, 2009. The Court finds this logic highly persuasive because it appears that Defendant waited until the last possible moment to challenge a complaint of which it was

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#15**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2140 PSG (JCx) | Date | October 13, 2009 |
|---|---|---|---|
| Title | Alcatel-Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

clearly on notice.

In fact, this entire motion could have been avoided if Defendant had met and conferred with Plaintiffs beyond a mere telephone call on the day of filing, and the Court's valuable time could have been spared. Throughout the papers, Defendant insists that Plaintiffs "appeared" to serve Dugdale under state law, a claim maintained even in the reply. Nowhere does Defendant dispute Plaintiffs' compliance with Rules 4(a) and 4(h)(1)(B). If Defendant had engaged in a good faith effort to discuss this motion with opposing counsel, it would have realized that Plaintiffs complied with the minimal requirements of Rule 4 and that, consequently, the contemplated motion bordered on the frivolous. The meet and confer requirements of Local Rule 7-3 are in place for a reason, and counsel is warned that nothing short of strict compliance with the local rules will be expected in this Court. Thus, the motion is also denied for failure to comply with Local Rule 7-3.

IV.  Conclusion

Based on the foregoing, the Court DENIES Defendant's Motion to Dismiss for Lack of Service of Process.

**IT IS SO ORDERED.**