O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order Granting Defendant's Motion to Dismiss Genesys' Claims for Lack of Subject Matter Jurisdiction and Motion to Transfer the Case Pursuant to 28 U.S.C. § 1404

Pending before the Court are Defendant Dugdale Communications, Inc.'s motion to dismiss Genesys' claims for lack of subject matter jurisdiction and motion to transfer the case. A hearing on the motions was held on March 1, 2010. After considering the moving and opposing papers and arguments presented at the hearing, the Court GRANTS Defendant's motions.

I.      General Background

On March 27, 2009, Plaintiffs Alcatel-Lucent USA, Inc. ("Alcatel")[1] and Genesys Telecommunications Laboratories, Inc. ("Genesys") (collectively, "Plaintiffs") filed suit against Defendant Dugdale Communications, Inc. ("Dugdale" or "Defendant") for accounts receivables. Plaintiffs subsequently filed a First Amended Complaint ("FAC") on May 6, 2009. On

---

[1] Alcatel is the result of several successive mergers, the order of which is relevant to this case. In December 2006, Alcatel Internetworking, Inc. ("Alcatel Internetworking") merged into Alcatel USA Marketing, Inc. ("Alcatel Marketing"). *See FAC* ¶ 2. Subsequently, in October 2008, Alcatel Marketing merged into Alcatel-Lucent USA, Inc. ("Alcatel"). *See id.* ¶ 3. As a successor in interest, Alcatel allegedly assumed all rights, title, and interest to the claims of Alcatel Internetworking and Alcatel Marketing. *See id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

December 29, 2009, Defendant filed a Motion to Dismiss Genesys' Claims for Lack of Subject Matter Jurisdiction and to Transfer the Case Pursuant to 28 U.S.C. § 1404. Plaintiffs filed an Opposition on February 15, 2010,[2] and Defendants followed with a Reply on February 22, 2010.[3] As the Motion is properly viewed as two distinct motions, the Court will resolve each motion separately.

II.     Motion to Dismiss Genesys' Claims

In the FAC, Genesys seeks recovery of only $57,000.00 in damages. *See FAC* ¶¶ 33, 53, 59. Additionally, Genesys seeks an unspecified amount of attorneys' fees. *See id.* at 11:15, 12:12, 12:20. Defendant moves to dismiss Genesys' claims on the grounds that Genesys fails to satisfy the amount in controversy required for this Court to have subject matter jurisdiction over its claims. *See* 28 U.S.C. § 1332(a).

    A.     Background Relevant to Motion to Dismiss

In 2004, Alcatel Internetworking began negotiations with Defendant. *See Vranicar Decl.* ¶ 3. During these negotiations, Defendant agreed to purchase and resell Alcatel Internetworking's telecommunications products. *See id.* ¶ 3. In addition, Alcatel Internetworking arranged for Defendant to also order Genesys' call center software and maintenance programs. *See id.* ¶ 4. On January 19, 2005, Alcatel Internetworking entered into a Business Partner Program Agreement (the "Business Partner Agreement") with Defendant, which allowed Defendant to purchase and resell Alcatel telecommunications products. The

---

[2] Defendants argue that the Opposition was untimely. *See Reply* 1:7-12 (citing L.R. 7-9). Plaintiffs appear to have filed the Opposition in compliance with Local Rules that were superseded on January 1, 2010. The Court notes that Defendant's own Reply was filed one week prior to the hearing date and would also be untimely under the new rules. *See* L.R. 7-10 (requiring that reply briefs be filed 14 days before the hearing). Nevertheless, the Court exercises its discretion and considers both the Opposition and the Reply.

[3] Defendant filed a 16-page Reply. Accordingly, the Court does not consider any pages in the Reply after page 12. *See Standing Order* § 5(c) (limiting reply briefs to 12 pages).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

contract made no mention of Genesys or Defendant's arrangement to order Genesys products through Alcatel Internetworking. *See Liddell Decl.* ¶ 4, Ex. 1. The Business Partner Agreement included an attorneys' fees provision, *see id.* at § 17.5, as well as a provision designating "any Alcatel Affiliate [as] a third-party beneficiary of the Agreement," *id.* at § 17.12. After executing the Business Partner Agreement with Defendant, Alcatel Internetworking began processing Defendant's orders in Calabasas, California, *see Liddell Decl.* ¶¶ 6, 8, forwarding any Genesys orders to Genesys in Daly City, California, *see Morehead Decl.* ¶ 4. Shortly thereafter, in mid-2005, Defendant began a direct relationship with Genesys, when the parties signed a Letter of Engagement. *See Witham Supp. Decl.* ¶¶ 11-13, Ex. 2.[4]

In December 2006, Alcatel Internetworking merged into Alcatel USA Marketing, Inc. ("Alcatel Marketing"). *See FAC* ¶ 2. Allegedly due in part to the corporate restructuring, Alcatel Marketing entered into a Value-Added Reseller Agreement (the "Reseller Agreement") with Defendant on April 13, 2006, which also allowed Defendant to purchase and resell Alcatel Marketing's telecommunications products. *See id.* ¶ 20. The Reseller Agreement contains an integration clause, declaring that the Reseller Agreement "supersedes any and all prior oral or written agreements." *Liddell Decl.* ¶ 5, Ex. 2, at § 24.9. Furthermore, the Reseller Agreement includes an attorneys' fees provision, entitling a party to attorneys' fees "[i]f either party employs attorneys to enforce rights arising out of or relating to this Agreement." *Id.*, at § 24.13. As with the Business Partner Agreement, the Reseller Agreement does not mention Genesys or any involvement of Alcatel Marketing in the purchasing of Genesys products or maintenance.

In September 2006, Defendant ordered maintenance services directly from Genesys (the "subject transaction"), *see id.* ¶ 18, Ex. 5, and Genesys invoiced Defendant for maintenance

---

[4] Defendant contends that Dugdale also entered into a Professional Services Agreement with Genesys. *See Witham Supp. Decl.* ¶ 14. Plaintiffs dispute whether the Professional Services Agreement was ever signed by Genesys. *See Opp.* 7:6-9 (characterizing the document as the "*unsigned* Professional Services Agreement" (emphasis added)). In response, Defendant provides an e-mail from a Genesys employee referring to the Professional Services Agreement as "the *signed* PSA." *See Witham Supp. Decl.* ¶¶ 15, Ex. 4 (emphasis added). Notwithstanding this factual dispute, the Letter of Engagement demonstrates that a direct relationship existed between Defendant and Genesys.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

renewals related to the subject transaction, *see Semenoff Decl.* ¶ 7, Ex. 1. Defendant allegedly failed to pay these invoices, and Genesys filed suit to recover the unpaid balance (totaling $57,000.00). As part of its Motion, Defendant moves to dismiss Genesys' claims for lack of subject matter jurisdiction. In particular, Defendant argues that Genesys does not meet the amount in controversy required under 28 U.S.C. § 1332(a).

  B. Legal Standard

  Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. The plaintiff bears the burden of establishing subject matter jurisdiction. *See Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995). A Rule 12(b)(1) motion to dismiss can be either a facial or a factual jurisdictional attack. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack challenges the sufficiency of the allegations asserted in the complaint, while a factual attack involves an examination of evidence beyond the complaint in making a jurisdictional determination. *See id.* In resolving a factual attack, the district court is permitted to examine extrinsic evidence without presuming the truthfulness of the complaint's allegations. *See id.* If the moving party offers "affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Until the plaintiff proves otherwise, federal jurisdiction is presumed to be lacking. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

  C. Discussion

  In the FAC, Genesys asserts claims against Defendant for a total of $57,000.00 and an unspecified amount of attorneys' fees. *See FAC* ¶¶ 33, 53, 59. Defendant argues that the specified amount is facially insufficient to satisfy the amount in controversy required for diversity jurisdiction and that Genesys would not be entitled to attorneys' fees in this case. *See Mot.* 5:26-6:16. Plaintiffs counter that (1) the Court did not request information concerning the amount in controversy when this Court issued an Order to Show Cause ("OSC") on April 20, 2009, (2) Genesys can independently satisfy the amount in controversy requirement due to its request for attorneys' fees, and (3) the Court may exercise supplemental jurisdiction over

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

Genesys' claims because they arise out of the same case and controversy. That the Court did not request more information about the amount in controversy in the OSC does not dispose of Defendant's motion to dismiss, as subject matter jurisdiction may be found lacking "at any time" during a lawsuit. *See* Fed. R. Civ. P. 12(h)(3).

For the reasons that follow, Plaintiffs fail to establish that Genesys satisfies the amount in controversy independently or that the Court may exercise supplemental jurisdiction over Genesys' claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) ("It is to be presumed that a cause lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citations omitted)).

        1.        <u>The Court Lacks Original Jurisdiction over Genesys' Claims</u>

Plaintiffs argue that Genesys' potential attorneys' fees should be added to the stated amount in controversy ($57,000.00) in order to bring the total amount sought by Genesys over the jurisdictional minimum. *See Opp.* 5:20-8:16. Though Plaintiffs contend that Genesys "will undoubtedly *incur* at least $18,000 in attorneys' fees," *Opp.* 7:22 (emphasis added), Plaintiffs have the burden of showing that Genesys would be entitled to *recover* those fees from Defendant, *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1988) ("[A]ttorneys' fees are excludable in determining the amount in controversy because, normally, the successful party does not collect his attorneys' fees in addition to or as part of the judgment [citation omitted]." (quoting *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979))). While attorneys' fees are generally excluded from the amount in controversy calculation, there are "two logical exceptions to this rule: one where the fees are provided for by contract, and two, where a statute mandates or allows the payment of such fees." *Id.* (emphasis omitted)). Therefore, in order to satisfy the jurisdictional requirement, Plaintiffs must demonstrate that Genesys would be entitled to attorneys' fees under either contract or statute.

In this case, Plaintiffs argue that Genesys would be contractually entitled to fees under either the Business Partners Agreement or the Reseller Agreement. *See Opp.* 6:18-7:9. As discussed below, Plaintiffs fail to show that Genesys would be entitled to attorneys' fees under either contract.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

        a.        <u>The Business Partner Agreement</u>

        Genesys has failed to establish its entitlement to fees under the Business Partner Agreement. Though the Business Partner Agreement does contain a fee-shifting provision, *see Liddell Decl.*, Ex. 1, at § 17.5, Genesys was not a party to the contract. Genesys claims that it would still be able to recover attorneys' fees under the contract as a third party beneficiary of the Business Partner Agreement. *See Opp.* 7:3-6. The Business Partner Agreement provides that "any Alcatel Affiliate shall be a third-party beneficiary of the Agreement," *see Liddell Decl.*, Ex. 1, at § 17.12, but Plaintiffs offer only conclusory allegations that Genesys was an affiliate of Alcatel Internetworking, *see e.g.*, *Vranicar Decl.* ¶ 4. Furthermore, Plaintiffs' allegations of Genesys' affiliate status do not comport with the Business Partner Agreement's definition of "Affiliate," which is defined as "an entity that is a successor of, controls, is controlled by or is under common control with a party hereto." *See id.*, at § 18.4. Plaintiffs fail to provide sufficient evidence that Genesys was an "affiliate" under this definition.

        Even if Genesys was an affiliate of Alcatel and a third party beneficiary of the Business Partner Agreement, Plaintiffs would still have to show that Genesys was entitled to fees under a provision that was apparently limited to "either party." *Liddell Decl.*, Ex. 1, at § 17.5; *see S.F. Bay Area Rapid Transit Dist. v. Spencer*, 2009 WL 4884895, at *2 (9th Cir. Nov. 18, 2009) (noting that a third party beneficiary of contracts containing an attorneys' fees provision is not entitled to recovery of fees where "the contracts only provided recovery of attorney's fees in actions between the parties to the contract"). Furthermore, Genesys would only be able to recover fees as a third party beneficiary if the contract applied to the subject transaction. Based upon evidence provided by the parties, the transaction at issue appears to have occurred in September 2006, *see Semenoff Decl.* ¶ 7, Ex. 1; *see also Witham Supp. Decl.* ¶ 18, Ex. 5, which was after the Business Partner Agreement was apparently superseded by the Reseller Agreement in April 2006. *See Liddell Decl.* ¶ 5 (noting that Alcatel entered into the Reseller Agreement on April 13, 2006); *id.*, Ex. 2, at § 24.9 (noting that the Reseller Agreement "supersedes *any and all* prior oral or written agreements" concerning the same subject matter (emphasis added)). As Genesys' claims are apparently based upon a transaction that occurred after the Business Partner Agreement was superseded, Genesys would not be entitled to recover attorneys' fees under the fee shifting provision of the Business Partner Agreement. Moreover, even assuming the Business Partner Agreement was in effect at the time of the transaction, Plaintiffs have failed to demonstrate that Genesys' claims involve "any rights arising out of or relating to" the Business

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

Partner Agreement. *See Liddell Decl.*, Ex. 1, at § 17.5. The contract does not reference Genesys or its products and maintenance services, and the particular transaction at issue appears to have been the result of a direct bilateral relationship between Genesys and Defendant. For these reasons, Plaintiffs have failed to demonstrate Genesys' entitlement to attorneys' fees under the Business Partner Agreement.

      b.  The Reseller Agreement

Plaintiffs have not sufficiently established that Genesys would be entitled to attorneys' fees under the Reseller Agreement. The Reseller Agreement contains an attorneys' fees provision. *See Liddell Decl.*, Ex. 2, at § 24.13. However, the Reseller Agreement is only between Alcatel Marketing and Defendant, *see Liddell Decl.*, at 1, and the attorneys' fees provision is limited to "either" party, *see id.* In the Opposition, Plaintiffs do not claim that Genesys was a third party beneficiary of the Reseller Agreement. Plaintiffs do not cite any provision in the Reseller Agreement to suggest that Genesys was a third party beneficiary of the Reseller Agreement. As Plaintiffs fail to provide sufficient evidence that Genesys would be contractually-entitled to attorneys' fees under either the Business Partner Agreement or the Reseller Agreement, Genesys fails to satisfy the amount in controversy required for this Court to have original jurisdiction over its claims.

     2.  The Court Lacks Supplemental Jurisdiction over Genesys' Claims

Alternatively, Plaintiffs argue that the Court may exercise supplemental jurisdiction over Genesys' claims under 28 U.S.C. § 1367(a). In an action involving multiple plaintiffs, a federal court may exercise supplemental jurisdiction over a co-plaintiff's claims that fail to meet the jurisdictional amount in controversy if (1) at least one plaintiff satisfies the amount in controversy, (2) the other elements of diversity jurisdiction are satisfied, and (3) the plaintiff's claims are part of the same "case or controversy." *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."); 15 *Moore's Federal Practice*, § 102.108[3][a] (Matthew Bender 3d ed.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

2009) ("Section 1367 confers supplemental jurisdiction over the claims of plaintiffs permissively joined under Rule 20 who do not individually meet the amount-in-controversy requirement, provided that there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332.").

In this case, it is undisputed that Alcatel meets the jurisdictional threshold and that the parties are diverse. The only issue remaining is whether Plaintiffs have provided sufficient evidence that Genesys' claims are part of the same "case or controversy" as Alcatel's claims. *See Exxon Mobil*, 545 U.S. at 549. In order to determine whether the claims are part of the same case or controversy, the Court will examine whether they involve a "common nucleus of operative fact." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (requiring a "common nucleus of operative fact" to confer supplemental jurisdiction over pendant state law claims). Alternatively, the Court could examine whether Genesys' claims arise from the same "transaction or occurrence" because Genesys would still have to satisfy the standards for permissive joinder under Rule 20. *See* 15 *Moore's Federal Practice*, § 102.108[3][a] (noting that § 1367 confers supplemental jurisdiction over claims of a co-plaintiff that is properly joined under Rule 20); *see also* Fed. R. Civ. P. 20(a)(1)(A) (noting that plaintiffs may be joined if they "assert any right to relief . . . arising out of the same transaction or occurrence, or series of transactions or occurrences").

Under either formulation, Plaintiffs fail to demonstrate that Genesys' claims against Defendant are sufficiently related to Alcatel's claims against Defendant. While Plaintiffs attempt to characterize the relationship between Genesys and Defendant as one dependent upon and coextensive with Alcatel's relationship with Defendant, Plaintiffs have not presented sufficient evidence that Genesys' claims are part of the same case or controversy. In the Opposition, Plaintiffs argue that Alcatel acted as an intermediary between Genesys and Defendant. *See Opp.* 4:1-5 ("Genesys' claims against Dugdale, which are based on Defendants' non-payment for the renewal of maintenance plans for Genesys software that Dugdale ordered from Alcatel, certainly arise out of the same case and controversy as Alcatels' claims based on Defendant's non-payment for hardware and software that Dugdale contemporaneously ordered from Alcatel." (emphasis omitted)). In contrast, Defendant claims that Genesys and Defendant signed a Letter of Engagement in 2005, *see Witham Supp. Decl.* ¶ 13, Ex. 2, and that the subject transaction occurred after this direct relationship began, *see id.* ¶ 18 (declaring that the purchase order was submitted on September 15, 2006). At the hearing on the motion, Plaintiffs' counsel

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

conceded that the transaction at issue did not involve Alcatel acting as an intermediary between Genesys and Defendant. Thus, while Alcatel may have been involved in the initial transactions between Defendant and Genesys at an early stage of their relationship, Genesys' claims arise from a transaction that occurred after the parties developed a direct relationship. *See id.* ¶ 16 ("Dugdale submitted purchase orders for Genesys maintenance services directly to Genesys, was invoiced for those services directly by Genesys, and received maintenance services directly from Genesys.").

Furthermore, litigation of Genesys' claims would involve an examination of a distinct set of facts from those involved in Alcatel's claims—the adequacy of Genesys' performance pursuant to the subject transaction and Defendant's alleged non-performance pursuant to the invoices. Therefore, as Genesys' claims are not part of the same case or controversy, the Court lacks supplemental jurisdiction over Genesys' claims.

    C.    <u>Conclusion</u>

The Court lacks original and supplemental jurisdiction over Genesys' claims. Therefore, the Court GRANTS Defendant's motion to dismiss under Rule 12(b)(1).

III.    <u>Motion to Transfer the Case</u>

In addition to seeking dismissal of Genesys' claims, Defendant moves to transfer the case to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a), where the case could be consolidated with another case pending between Defendant and Alcatel in that district.[5] Alcatel argues that Defendant has not provided sufficient evidence of inconvenience to warrant transfer

---

[5] The Indiana action is *Dugdale Commc'ns Inc. v. Alcatel-Lucent USA, Inc.*, No. 09-0960 LJM (TAB). *See Dugdale Supp. Decl.* ¶ 7, Ex. 2 (Alcatel's Preliminary Witness and Exhibit List filed in the Indiana action). Defendant admits that the case in Indiana was filed after this action, but claims that it was served first. *See Mot.* 2:24-26.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

of the case, and that one of the contracts between the parties contained a forum selection clause mandating litigation in Los Angeles County.[6]

    A.    <u>Background Relevant to Motion to Transfer</u>

Alcatel Internetworking's principal place of business was allegedly Calabasas, California. *See Liddell Decl.* ¶ 6. On January 19, 2005, Alcatel Internetworking and Defendant entered into the Business Partner Agreement, *see FAC* ¶ 18, which was negotiated in Indianapolis, Indiana and Chicago, Illinois, with one meeting occurring in Paris, France, *see Dugdale Decl.* ¶ 4. The Business Partner Agreement contained a forum selection clause stating that "any action under this Agreement shall be brought in a court of competent jurisdiction in Los Angeles County." *Liddell Decl.*, Ex. 1, at § 17.6. On April 13, 2006, Alcatel Marketing entered into the Reseller Agreement with Defendant, which contains an integration clause stating that the Reseller Agreement supercedes all prior written agreements concerning the same subject matter. *See id.*, Ex. 2, at § 24.9. The Reseller Agreement does not contain a forum selection clause, and it includes a choice of law provision specifying that Texas law governs the contract. *See id.*, Ex. 2, at § 24.4.

Defendant is an Indiana corporation that is no longer in operation, and its principal place of business was Indianapolis, Indiana. *See FAC* ¶ 5; *see also Dugdale Decl.* ¶ 5. Defendant conducted less than one percent of its business in California. *See Dugdale Decl.* ¶ 6. Alcatel is a Delaware corporation with its principal place of business in New Jersey, *see FAC* ¶ 1, though the Calabasas location is purportedly Alcatel's "headquarters for its voice and data products." *Liddell Decl.* ¶ 6. On March 27, 2009, Alcatel chose to file suit against Defendant in this Court. As part of its Motion, Defendant seeks to transfer the case to the Southern District of Indiana.

    B.    <u>Legal Standard</u>

Under 28 U.S.C. § 1404(a), a district court has the discretion to transfer a civil action to any other district in which the action might have been filed "[f]or the convenience of parties,

---

[6] As Genesys is dismissed from the case, the Court will refer only to Alcatel in the discussion of the motion to transfer.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

witnesses and in the interest of justice." As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), the Court should weigh multiple factors in addition to the convenience of witnesses and the interests of justice, including the following factors derived from the *forum non conveniens* context:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. In addition to these eight factors, the Ninth Circuit also considers the presence of a forum selection clause and the relevant public policy of the forum state as significant factors. *See id.* at 499. Other courts also consider the relative docket congestion of the transferor and transferee courts. *See, e.g.*, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The burden is on the moving party to show that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005). However, the district court has broad discretion in deciding a motion to transfer venue because the analysis involved is "flexible and individualized." *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955) (noting that Congress intended for district courts to have discretion to transfer upon a lesser showing of inconvenience than that required for *forum non conveniens*).

C.  Discussion

Defendant moves to transfer this case to the Southern District of Indiana based upon the propriety of venue in the Southern District of Indiana, the convenience of the witnesses, and the interests of justice. In the Opposition, Alcatel emphasizes the forum selection clause in the Business Partner Agreement, *see Opp.* 10:4-14:19, and contests each of the § 1404(a) factors.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

For the following reasons, the Court finds that Defendant has demonstrated that transfer is appropriate in this case.

      1.      <u>Propriety of Venue in the Southern District of Indiana</u>

The parties do not dispute that the action might have been filed in the Southern District of Indiana. First, a district court in Indiana would have subject matter jurisdiction over Alcatel's claims under 28 U.S.C. § 1332. Second, an Indiana court would have personal jurisdiction over Defendant because Defendant is an Indiana corporation that had its principal place of business in Indiana. Third, venue would lie in the Southern District of Indiana because Defendant resides in the Southern District of Indiana.[7] *See* 28 U.S.C. § 1391(a)(1). Therefore, the action might have been filed in the Southern District of Indiana.

      2.      <u>An Individualized Determination of Convenience and Fairness</u>

As the action "might have been brought" in the proposed transferee court, the Court must make an "individualized, case-by-case determination of convenience and fairness." *See Jones,* 211 F.3d at 498.

           a.      <u>Convenience of the Witnesses</u>

The Court first considers the convenience of the witnesses, which courts often recognize as the most important factor in ruling on a motion to transfer under 28 U.S.C. § 1404(a). *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 4:733 (The Rutter Group 2009). The Court must not only consider the number and location of witnesses on each side, but also the importance of the witnesses to the case. *See Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1335-36 (9th Cir. 1984) (analyzing this factor in the *forum non conveniens* context); *Bomanite Corp. v. Newlook Int'l Inc.*, No. 07-1674, 2008 WL 1767037, *8 (E.D. Cal. 2008) (requiring the party seeking transfer to designate: (1) the key witnesses to be called, (2) the location of the witnesses, (3) the nature of their testimony, and (4) the relevance or

---

[7] The Court takes judicial notice of the fact that Indianapolis is located in the Southern Judicial District of Indiana.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

necessity of their testimony). In this case, Defendant provides a list of the potential witnesses, including an explanation of their location, testimony, and relevance.

### I. Party Witnesses

Defendant intends to call the following party witnesses: (1) Bill Dugdale, President of Dugdale residing in Indianapolis, Indiana; (2) David Dwyer, a current Alcatel employee residing in Chicago, Illinois; (3) Linda Liddell, a current Alcatel employee residing in Crystal Lake, Illinois; (4) Greg Gamboa, a current Alcatel employee residing in Chicago, Illinois; and (5) Greg Frehr, a current Alcatel employee residing in Chicago, Illinois. *See Mot.* 8:23-10:22. Of the five party witnesses, four are current employees of Alcatel, and Alcatel argues that their convenience should not be held against Alcatel. *See Opp.* 20:3-6 ("Plaintiffs—not the individuals or Defendant—would be responsible for having such witnesses travel for discovery or trial . . . ."). Nevertheless, Alcatel does not contest the materiality of these party witnesses, and all of Defendant's party witnesses are located in Indiana or Illinois.

Alcatel intends to call the following additional Alcatel employees to testify, both of whom work at Alcatel's Calabasas, California location: (1) Edwin Afshalimi and (2) Lisa Alvarez. *See Liddell Decl.* ¶ 9. While Alcatel claims that these two employees will be "key witnesses," it appears that they will merely testify as to the accounts receivables and may be duplicative. *See id.* ("Both Mr. Afshalimi and Ms. Alvarez handled Dugdale's accounts receivables and will be able to offer testimony regarding Dugdale's purchase of Alcatel Products, Alcatel's invoicing, Dugdale's non-payment, and Alcatel's collection efforts."). Therefore, the convenience of the party witnesses favors transfer.

### ii. Non-Party Witnesses

The convenience of non-party witnesses generally takes precedence over the convenience of party witnesses. *See Catch Curve, Inc. v. Venali, Inc.*, No. 05-4820, 2006 WL 4568799, at *3 (C.D. Cal. Feb. 27, 2006). As with the party witnesses, Defendant provides a list of the following non-party witnesses: (1) Angie Witham, former President of Dugdale residing in Indianapolis, Indiana; (2) Stacy Wolfe, a former Dugdale Purchasing Manager residing in Indianapolis, Indiana; (3) Jennifer Murphy, a former Dugdale Sales Engineer residing in Chicago, Illinois; (4) Rich Broyles, a former Dugdale Senior Sales Engineer residing in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

Noblesville, Indiana; (5) Don Trace, a former Alcatel Executive Vice-President of North American Sales residing in California; (6) Chris Cirko, a former Alcatel Regional Sales Director residing in Naperville, Illinois; (7) Don Mack, a Tuthill Corporation employee residing in Chicago, Illinois; and (8) Chuck Oler, a Tuthill Corporation employee residing in Chicago, Illinois. *See Mot.* 10:23-13:14. In the Motion, Defendant provides a brief description of each witness' testimony. *See id.* For example, Defendant intends to call Rich Broyles to testify about alleged defects in the Alcatel products purchased by Defendant, based upon his direct work "with Alcatel to diagnose, troubleshoot, engineer, and reconfigure the defective products." *See id.* 12:3-5. As with the party witnesses, Alcatel does not dispute the materiality of the non-party witnesses' testimony or their relevance to the case. *See Opp.* 17:18-21:19. Instead, Alcatel focuses exclusively on the number and location of the non-party witnesses.

Of the eight non-party witnesses, only one is from California and the remaining seven reside near either Indianapolis or Chicago. *See Mot.* at 10:23-13:14. Alcatel argues that Defendant has failed to demonstrate that travel to California would be sufficiently inconvenient for the non-party witnesses residing outside of California. *See Opp.* 18:5-24 (discussing how the relative distances between Chicago and Indianapolis and Los Angeles and Indianapolis does not account for the difficulties associated with traveling between Chicago and Indianapolis by car). Furthermore, Plaintiff argues that three of the former Dugdale employees listed as potential non-party witnesses (Witham, Wolfe, and Broyles) are current employees of Defendant's successor in interest by merger, G3 Technology Partners, Inc. ("G3"). *See Opp.* 20:15-21. However, G3 is not a party to the action at this time. *See Reply* 8:16-18 (citing *Dugdale Supp. Decl.* ¶ 4). Moreover, seven of the eight non-party witnesses are located significantly closer to Indianapolis, Indiana, which suggests that transfer would be more convenient for them in terms of time and expense. Therefore, the convenience of the non-party witnesses favors transfer.

        b.      <u>The Location Where the Relevant Agreements Were Negotiated and Executed</u>

Defendant argues that the contracts in this case were negotiated in Indianapolis, Indiana and Chicago, Illinois, with one meeting occurring in Paris, France. *See Mot.* 13:28-14:3; *Dugdale Decl.* ¶ 4. None of the discussions occurred in California. *See Dugdale Decl.* ¶ 4. Alcatel seeks to minimize the importance of this factor by arguing that there is no dispute as to the existence and formation of the contracts or the interpretation of the contracts. *See Opp.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

17:11-13. Nevertheless, the parties negotiated the contracts in or near Indianapolis, and there appears to be significant dispute over the interpretation and application of the relevant contracts. Therefore, this factor weighs in favor of transfer.

    c.  The State Most Familiar With the Governing Law

  Defendant contends that "[t]he governing law issue is multi-faceted in this case." *Mot.* 15:14. Indeed, as noted by Defendant, the Reseller Agreement contains a choice of law provision specifying that the agreement "shall be governed by and construed in accordance with the laws of the State of Texas." *Liddell Decl.*, Ex. 2., at § 24.4. Regardless of the particular law to be applied, the Court does not find that the proposed transferee court is incapable of adjudicating Plaintiff's claims, or that this Court would be unable to apply the relevant law. Accordingly, this factor is neutral.

    d.  Plaintiff's Choice of Forum

  Ordinarily, "great weight" is accorded to the plaintiff's choice of forum. *See Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987). However, in determining the amount of deference to be given to the plaintiff's choice of forum, a court must consider the extent of both the plaintiff's and the defendant's contacts with the forum, including those relating to the plaintiff's cause of action. *See id.* ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." (citation omitted)).

    i.  The Parties' Contacts with the Forum

  Defendant claims that both parties lack significant contacts with California. *See Mot.* 16:21. With regard to Alcatel, Alcatel is a Delaware corporation with a principal place of business in New Jersey. *See FAC* ¶ 1. Alcatel provides a declaration that the headquarters for its voice and data products is "essentially" located in Calabasas, California. *See Opp.* 15:17-18; *Liddell Decl.* ¶ 6 ("Alcatel's Calabasas, California location is Alcatel's headquarters and operational center for its enterprise products division, which includes Alcatel's voice and data systems."). Calabasas also happened to be Alcatel Internetworking's principal place of business. *See id.* Alcatel's claims are undermined by Defendant's declarations that "Dugdale received

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

almost all of its invoices from Alcatel from its . . . offices in Texas," *Witham Supp. Decl.* ¶ 6, and that 97% of Defendant's purchase orders were submitted to Alcatel's Texas office, *see Dugdale Supp. Decl.* ¶ 8. Furthermore, Defendant is an Indiana Corporation, which had its primary business operations and a majority of employees, majority of property, and majority of policy decision-making operations located in Indianapolis, Indiana. *See Dugdale Decl.* ¶ 5. Defendant conducted less than one percent of its business in California, *see Dugdale Decl.* ¶ 6, and less than three percent of Defendant's purchase orders were sent to Alcatel's California office, *see Dugdale Suppl. Decl. ¶ 8.* Therefore, despite any contacts that Alcatel may have with the forum state, Defendant lacks significant contacts with California. Thus, this factor favors transfer.

ii.     The Contacts Relating to Alcatel's Causes of Action

Defendant argues that Plaintiff's decision to file its claims in this Court should be afforded little weight because Defendant lacks significant contacts with California that are related to this action. *See Mot.* 16:9-10 (arguing that the operative facts in this case occurred outside of California). In addition to lacking significant general contacts with the forum, the Court further finds that Defendant lacks significant contacts related to Alcatel's claims.

As discussed, Alcatel contends that Defendant submitted "a large majority" of its purchase orders to the Calabasas location, and that Alcatel processed Defendant's orders from the Calabasas location. *See Liddell Decl.* ¶ 8. However, Defendant insists that the vast majority of orders were submitted to Alcatel's Texas office. *See Dugdale Supp. Decl.* ¶ 8 (claiming that only 3% of the 175 orders were sent to Alcatel's office in California); *see also id.* ¶ 8, Ex. 3 (purchase orders sent to Alcatel Internetworking's Dallas, Texas address); *id.* ¶ 9, Ex. 4 (sample invoices sent from Alcatel stating that questions concerning the invoices should be directed to Alcatel's Plano, Texas office). Furthermore, it does not appear that Defendant received Alcatel products from California; the majority of the products purchased by Defendant were shipped from France because Alcatel "did not have a distribution center located in the United States." *Witham Supp. Decl.* ¶ 9. Moreover, as discussed, the Business Partner Agreement was negotiated and executed by the parties outside of California. *See Mot.* 17:27-18:1; *Dugdale Decl.* ¶ 4. On balance, Defendant does not appear to have significant contacts with California that are related to the action. Indeed, it appears that Indiana or Texas has a greater interest in resolving this dispute. Therefore, this factor favors transfer.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

   e.  The Differences in the Costs of Litigation in the Two Forums

  Defendant argues that litigation of this case in Indiana would be less expensive than litigation in California. As noted, the majority of non-party witnesses are located near Indianapolis, Indiana or Chicago, Illinois, *see Mot.* 10:23-13:14, and all of Defendant's documentary evidence is located in Indianapolis, Indiana, *see Dugdale Decl.* ¶ 9. Alcatel counters that Defendant is seeking to shift the costs of litigation as Alcatel would allegedly incur increased expense if forced to litigate this matter in Indiana. *See Opp.* 23:20-24. However, the substantial number of witnesses (including Alcatel's party witnesses) residing in Indiana and Illinois would not have to expend the time and resources required to travel to California. Therefore, this factor favors transfer.

   f.  Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

  Courts also consider "the availability of compulsory process to compel attendance of unwilling non-party witnesses." *Jones,* 211 F.3d at 498-99. If witnesses are unwilling to testify in California, this Court would need to rely on its subpoena power. However, with rare exception, the Court's subpoena power extends outside of this district only if the place of service is "within 100 miles of the place specified for the deposition, hearing, trial, production or inspection." Fed. R. Civ. P. 45(b)(2). In this case, Defendant has identified eight non-party witnesses, seven of whom are located outside of California. *See Mot.* 10:23-13:14. Transfer of the case to Indiana would bring three non-party witnesses within the transferee court's subpoena power (Witham, Wolfe, and Broyles live in the Indianapolis area). Furthermore, as Defendant argues, transfer of the case to a venue closer to the non-party witnesses located in the Chicago-area could increase the likelihood of their voluntary participation in the case. *See Mot.* 19:10-13. Therefore, transfer would bring slightly more non-party witnesses within a court's subpoena power. Therefore, this factor weighs slightly in favor of transfer.

   g.  Ease of Access to Sources of Proof

  As discussed previously, Defendant argues that the majority of witnesses are located either near Indianapolis or Chicago, and that all of Defendant's documentary evidence is located

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

in Indianapolis. *See Mot.* 20:5-8. Alcatel, on the other hand, does not identify the location of its evidence. Therefore, this factor favors transfer.

        h.        <u>Presence of a Forum Selection Clause</u>

In certain cases, the presence of a forum selection clause may militate against transfer of an action. *See Jet Innovations v. Ross*, No. 09-5542, 2009 WL 2984850, at *2-*3 (C.D. Cal. Sept. 14, 2009) (finding that the § 1404(a) factors did not outweigh the forum selection clause in the final Master Agreement between the parties). However, the presence of a forum selection clause is not dispositive of a § 1404(a) motion to transfer. *See Jones*, 211 F.3d at 499 n.20 (citing *Stewart*, 487 U.S. at 31). Furthermore, on a motion to transfer, the district court can determine the effect of a forum selection clause in light of the § 1404(a) convenience factors. *See Stewart Org.*, 487 U.S. at 32 ("We hold that federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause . . . .").

Alcatel has failed to establish whether and to what extent the forum selection clause in the Business Partner Agreement applies in this case, which would have shifted the burden to Defendant to show that the forum selection clause is either (a) unenforceable or (b) outweighed by the other § 1404(a) factors. In the Rule 12(b)(3) context, a party seeking to enforce a forum selection clause has the initial burden of establishing the existence and applicability of the forum selection clause. *See Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) ("In short, the facts and allegations in Holland America's complaint and its affidavits are too thin to meet its initial burden to support jurisdiction under the Washington forum selection clause."). It is undisputed that the Business Partner Agreement contained a forum selection clause designating California as the chosen venue. *See Liddell Decl.* ¶ 4, Ex. 1, at § 17.6. However, Defendant claims that the forum selection clause does not apply. *See Reply* 13:18-21 ("In light of [§ 24.9 of the Reseller Agreement] and the identical subject matter of the two agreements, the Value-Added Reseller Agreement superseded the Business Partner Program Agreement and, by extension, the forum selection clause."). In addition to the integration clause, the Reseller Agreement does not include a forum selection clause, and it specifies that Texas law will govern the interpretation of the contract. *See Liddell Decl.*, Ex. 2, at § 24.4. Thus, it is not clear that the Business Partner Agreement mandates litigation of the case in this district.

O

#50
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

Furthermore, Alcatel does not specifically allege that any of the unpaid invoices were covered by the Business Partner Agreement. *See FAC* ¶ 25 (alleging in conclusory terms that "Dugdale has breached the Business Partner Program Agreement *and* the Reseller Agreement" (emphasis added)). Alcatel fails to provide any of the allegedly unpaid invoices, let alone invoices that were covered by the Business Partner Program. At the hearing, Alcatel's counsel estimated that approximately 25-30% of the unpaid invoices were covered by the Business Partner Program. Earlier in the hearing, counsel admitted that he could not provide any of the invoices at that time, despite having approximately one year since the filing of the case to investigate the specific nature of his client's claims.

As Alcatel has failed to establish the extent to which the Business Program Agreement's forum selection clause will govern this case, the Court does not give significant weight to the presence of the forum selection clause in the Business Partner Agreement. The Court further finds that the other § 1404(a) factors outweigh the presence of the forum selection clause. Therefore, this factor is neutral.

    C.    Conclusion

The following factors either favor or slightly favor transfer of the case to the Southern District of Indiana: the convenience of the party witnesses, the convenience of the non-party witnesses, the location where the relevant agreements were negotiated and executed, the parties' contacts with the forum, the contacts relating to the causes of action, the differences in the costs of litigation in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof. The following factors are neutral: the state most familiar with the governing law and the presence of a forum selection clause. None of the factors weigh against transfer. Accordingly, on balance, the § 1404(a) factors favor the transfer of this case to the Southern District of Indiana.

IV.    Conclusion

Based on the foregoing, the Court:

    1.    GRANTS Defendant's motion to dismiss Genesys' claims under Rule 12(b)(1); and

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2140 PSG (JCx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Alcatel Lucent USA, Inc. *et al.* v. Dugdale Communications, Inc. | | |

    2.    GRANTS Defendant's motion to transfer venue pursuant to § 1404(a).

The case is transferred to the Southern District of Indiana. The Clerk shall close the file and notify the Clerk of Court in that district.

**IT IS SO ORDERED.**